# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **GREENHILL TERRACE TOWNHOME ASSOCIATION** | § § § | |
| **V.** | § § | **CIVIL ACTION NO. 4:17-CV-01546** |
| **THE TRAVELERS LLOYDS INSURANCE COMPANY AND SHELBY CARR** | § § § § | |

### DEFENDANT'S NOTICE OF REMOVAL
### EXHIBIT C: COPIES OF PLEADINGS ASSERTING
### CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, The Travelers Lloyds Insurance Company, a defendant in the above entitled and numbered cause, and files copies of all pleadings asserting causes of action and all answers to such pleadings as required by Local Rule 81.2.

Received and E-Filed for Record
4/13/2017 2:40:30 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

17-04-04691

CAUSE NO. _____

| | | |
|---|---|---|
| **GREENHILL TERRACE TOWNHOME ASSOCIATION** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | Montgomery County - 410th Judicial District Court |
| | § | |
| vs. | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **THE TRAVELERS LLOYDS INSURANCE COMPANY and SHELBY CARR** | § § § | |
| *Defendants.* | § § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Greenhill Terrace Townhome Association ("Greenhill Terrace") files their Original Petition against Defendants The Travelers Lloyds Insurance Company ("Travelers") and Shelby Carr ("Carr") and alleges the following:

### I. THE PARTIES

1. Greenhill Terrace is a condominium association located in Montgomery County, Texas that is managed by FirstService Residential Houston, Inc. ("Firstservice").

2. Travelers is an insurance company doing business in the State of Texas and may be served with process through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

3. Shelby Carr is an insurance adjuster retained by Travelers who adjusted Greenhill Terrace's insurance claim. He is a resident of Fort Bend County, Texas and may be served with process via certified mail at his place of employment at The Travelers Indemnity Company, P.O. Box 42927, Houston, TX 77242-2839.

### II. DISCOVERY

4. This case is intended to be governed by Discovery Level 2.

1

## III. JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the Court's minimum jurisdictional limits.  As of today, Greenhill Terrace seeks monetary relief of over $1,000,000.00.

6.      This Court has personal jurisdiction over Travelers because Travelers is licensed to do business in Texas and Greenhill Terrace's causes of action arise out of Travelers's wrongful business activities within the State of Texas.

7.      The Court has personal jurisdiction over Mr. Carr because he is a resident of the State of Texas and engages in the business of adjusting insurance claims in the State of Texas. Further, Greenhill Terrace's causes of action arise out of his insurance adjusting activities within the State of Texas.

8.      Venue is proper in Montgomery County under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) and Tex. Ins. Code § 2210.575(e) because all or a substantial part of the events or omissions giving rise to the suit occurred in Montgomery County.  Specifically, the loss at issue occurred in Montgomery County.

## IV. FACTUAL BACKGROUND

9.      Greenhill Terrace is a condominium association located in the Woodlands, Texas. The Property consists of 71 attached townhomes in 19 separate buildings.

10.     Greenhill Terrace is insured under a property insurance policy issued by Travelers (the "Policy").  The Policy states that the location of the property insured is 2 W Greenhill Terrace Pl., The Woodlands, Texas 77382 (the "Property").  The Policy expressly covers all "risks of direct physical loss unless the loss is excluded."  The Policy does not exclude losses caused by windstorm or hail.

11. On or about April 19, 2015, a windstorm accompanied by hail hit the Montgomery County area causing damage to the Property, including substantial damage to the Property's many roofs. All of this damage to the Property was covered by the express terms of the Policy.

12. Greenhill Terrace subsequently filed a claim with Travelers under the Policy and asked Travelers to cover all damage pursuant to the express terms of the Policy. Travelers assigned Greenhill Terrace the claim number E0W3201.

13. Travelers assigned Carr to adjust and handle the claim. Carr retained an architect firm, ("MKA") to go to the Property to inspect the Property. It appears that Carr decided to use MKA because of MKA's prior "investigations" for Travelers in which they consistently failed to find any storm related damage at insureds' properties. Carr believed that MKA would take a biased approach to this investigation. This was the first action Carr took to avoid performing a reasonable inspection or paying the claim.

14. During the inspection, Carr and MKA failed to properly inspect all of the Property's roofs for damage. Rather than examine each building, they decided to inspect a sample of the buildings. They did not make any effort to insure they were examining a representative sample of the roofs.

15. During their inspection, Carr and MKA inexplicably missed identifying the vast majority of the obvious hail damage in their reports. Their failure to recognize such damage was either intentional or the result of severe incompetence. They further sought to make sure Travelers could avoid paying for the vast majority of the Loss by claiming most of the hail strikes were "blistering." In truth, the strikes were clearly the result of direct hail impacts. None of the shingles showed true blistering. Had they conducted a reasonable and fact-driven investigation they would have seen that each of the roofs suffered extensive and obvious storm related damage.

16.     Carr and MKA, however, were forced to concede that some parts of the roof suffered extensive hail damage. They noticed large hail impacts approximately 5/8" in diameter that could not be pawned off as blistering. The roof also showed evidence of fractured fiberglass shingles in some areas.

17.     To assist Travelers' and Carr justify denying that damage, MKA determined that the hail damage he observed was not attributable to the April 2015 storm because MKA claimed that there was no hail observed on April 19 that was large enough to create the size of the larger hail impacts (5/8") MKA observed. Interestingly, MKA attached a weather report to its report that contradicted that conclusion. The weather report indicates that there was hail at least .9" at the location and hail above and 1" in close proximity. Thus, MKA's own weather report shows that MKA's report was misrepresenting facts highly relevant to Travelers and Carr's supposed reasonable investigation of the Loss. Carr decided to rely on this clear misrepresentation as a justification for denying the claim.

18.     Following this inadequate and unreasonable inspection, Carr took another action that confirmed he was not intending on conducting a reasonable inspection and or insuring Travelers' settled a claim once liability was reasonably clear. Carr made the decision to change the date of loss to a date two years prior as another basis for preventing Greenhill Terrace from challenging Travelers' decision (i.e., an attempt to push the date of loss outside of the time frame to file suit). He claimed he did it because the size of the hail on the earlier date was more likely to have caused the loss. This, however, was a misrepresentation because MKA's own weather report showed hail large enough to cause the damage hit the Property on the claimed date of loss, and Carr knew this was a misrepresentation.

19.     Travelers sent a letter to Greenhill Terrace stating "While your insurance policy protects you against loss from hail, the damage estimate in this instance is below your policy

4

deductible of $25,000.00," and, indicating that Travelers would not pay to repair the Property. Incredibly, the estimate Carr generated included a line item for inspecting the roofs for damaged shingles to 23 of Greenhill Terrace's buildings, apparently conceding that Travelers and Carr's investigation was not intended to determine the full extent of damage to the Property. Thus, Carr did not bother to insure that his investigation examined the extent of all damage to the Property. The letter expressly stated that Travelers' decision was based on Carr's research to date, meaning Travelers relied upon Carr's decision to conduct an outcome-oriented investigation and adopt obvious misrepresentations.

20. The actual damage to the Property, however, far exceeded the deductible. There is wind and hail storm damage across each and every roof. Gutters and window beading have been damaged on each building. As a result, Greenhill Terrace has not been able to make necessary repairs to restore the Property to its pre-Loss condition, despite the existence of accidental and direct physical loss to the roof caused by the wind and hail storm.

21. Greenhill Terrace asked Travelers to conduct a re-inspection, but Travelers refused.

## V. CAUSES OF ACTION

22. Greenhill Terrace incorporates each and every previous paragraph by reference in the following:

### A. Breach of Contract

23. Travelers had a contract of insurance with Greenhill Terrace that covered the Property damage described above. Travelers breached the terms of the contract by wrongfully denying the claim and claiming the damage was less than the deductible. As a direct result, Greenhill Terrace was damaged because they lost the benefit of the bargain, namely that in return for premium payments, Travelers would pay to repair the covered loss to the Property.

**B.     Bad Faith/Unfair Settlement Practices**

24.     Travelers and Carr are required to comply with the Texas Insurance Code's Unfair Settlement Practices section as outlined in Chapter 541.

25.     Travelers and Carr violated Texas Insurance Code § 541.060 by:

   i.    Misrepresenting to Greenhill Terrace a material fact or policy provision related to the coverage at issue;

   ii.   Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

   iii.  Failing to promptly provide to Greenhill Terrace a reasonable explanation of the basis in the Policy, in related to the facts or applicable law, for with Travelers' denial of a claim or offer of a compromise settlement for the claim;

   iv.   Refusing to pay the claim without conducting a reasonable investigation of the claim; and

   v.    Failing within a reasonable time to affirm or deny coverage of Greenhill Terrace's claim.

26.     Travelers and Carr violated Texas Insurance Code § 541.061 by:

   i.    Making an untrue statement of material fact;

   ii.   Failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made; and

   iii.  Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

6

27. Travelers and Carr knowingly committed the acts complained of. As such, Greenhill Terrace is entitled to exemplary and/or treble damages pursuant to the Texas Insurance Code § 541.152(a)-(b).

### C. Prompt Payment of Claims Statute

28. Travelers's failure to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Texas Insurance Code Article 542.051 *et seq*.

29. As such, Greenhill Terrace is entitled to an additional 18% interest on their claim for damages and attorneys' fees pursuant to Texas Insurance Code Article 542.060.

### D. Attorneys' Fees

30. Greenhill Terrace engaged the undersigned attorney to prosecute this lawsuit against the defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

31. Texas Civil Practice and Remedies Code §§ 38.001-38.003 provides Greenhill Terrace its reasonable and necessary attorneys' fees because it is represented by an attorney, presented the claim to the defendants and the defendants did not tender the amount owed within 30 days after they received the claim.

32. Greenhill Terrace is also entitled to the reasonable and necessary attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to the Texas Insurance Code §§ 541.152 and 542.060.

## VI. CONDITIONS PRECEDENT

33. All conditions precedent to Greenhill Terrace's right to recover have been fully performed, or alternatively, been waived by the defendants.

7

## VII. <u>REQUEST FOR DISCLOSURES</u>

34. Greenhill Terrace requests the defendants to disclose within 50 days the information or material required by Texas Rule of Civil Procedure 194.

## VIII. <u>PRAYER</u>

Greenhill Terrace prays that, upon final hearing of the case, they recover all damages, including:

(i) any amount owed under the Policy;

(ii) all consequential damages;

(iii) pre-judgment interest;

(iv) post-judgment interest;

(v) court costs;

(vi) attorneys' fees;

(vii) interest amounts owed under the Texas Insurance Code's Prompt Payment of Claims provisions;

(viii) amounts owed under the Texas Insurance Code's Unfair Settlement Practices section; and

(ix) any other relief that Greenhill Terrace shows it is entitled to receive.

Respectfully submitted,

**WILLIAMS KHERKHER HART BOUNDAS, LLP**

By: _/s/ Sean H. McCarthy_
Sean H. McCarthy
State Bar No. 24065706
Email: smccarthy@williamskherkher.com
Loren Jackson
State Bar No. 24041173
Email: ljackson@williamskherkher.com
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Telephone: (713) 230-2200
Facsimile: (713) 643-6226

**ATTORNEYS FOR PLAINTIFF GREENHILL TERRACE TOWNHOME ASSOCIATION**

8

Received and E-Filed for Record
5/22/2017 9:43:49 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

## CAUSE NO. 17-04-04691

| | | |
|---|---|---|
| **GREENHILL TERRACE TOWNHOME ASSOCIATION** | § § § | **IN THE DISTRICT COURT OF** |
| **V.** | § § | **MONTGOMERY COUNTY, TEXAS** |
| **THE TRAVELERS LLOYDS INSURANCE COMPANY AND SHELBY CARR** | § § § | **410TH DISTRICT COURT** |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, The Travelers Lloyds Insurance Company and Shelby Carr, the defendants in the above entitled and numbered cause, and file this their original answer to the plaintiff's original petition on file herein, and in support thereof would respectfully show the Court as follows:

I.

The defendants hereby generally deny the allegations contained in the plaintiff's petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus assert their privilege of insisting that such allegations be proven by a preponderance of credible evidence.

II.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendants notify all parties to this lawsuit of the defendants' intent to introduce as evidence at any pretrial proceeding or at trial any document produced by any party in discovery in this lawsuit.

III.

The defendants specifically reserve the right to amend their answer to plead any affirmative defenses or other matters that must be specially pled and to assert any counterclaims or third-party claims it may have after discovery in this case is complete.

WHEREFORE, PREMISES CONSIDERED, the defendants, The Travelers Lloyds Insurance Company and Shelby Carr, move and pray the Court that upon trial hereof, the plaintiff recover nothing, and that the defendants go hence with their costs, and for such other and further relief, both general and special, legal and equitable, to which the defendants may show themselves justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/  Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Warren B. Wise
State Bar No. 24095299
wwise@obt.com

ATTORNEYS FOR DEFENDANTS,
THE TRAVELERS LLOYDS
INSURANCE COMPANY AND
SHELBY CARR

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the 22nd day of May, 2017, I electronically filed the foregoing with the Montgomery County District Clerk via eFile Texas which will send notification of such filing to each counsel of record.

/s/ Greg C. Wilkins
Greg C. Wilkins
